UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | EDCV 16-664 DSF (KKx) | Date | 5/12/16 |
|---|---|---|---|
| Title | Elijah Myers, et al. v. Uline, Inc. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DENYING Motion to Remand; Order GRANTING IN PART and DENYING IN PART Motion to Dismiss (Dkt. Nos. 12, 13)[1]

    The motion to remand is DENIED. The Court is satisfied that the amount in controversy exceeds $5,000,000. Plaintiffs cannot hide behind vague allegations and then criticize a lack of complete certainty in Defendant's calculations. This is especially so where, as here, Plaintiffs fail to provide any countering evidence to show that the amount in controversy is less than $5,000,000. In any event, total certainty is not required – preponderance of the evidence is the standard. Defendant was not required to provide evidence of the amount in controversy on removal. <u>Dart Cherokee Basin Operating Co. v. Owens</u>, 135 S.Ct. 547, 554 (2014). Evidence is only required when the amount in controversy is challenged. <u>Id.</u> Defendant has now provided evidence to support its allegations, and that evidence demonstrates that far more is at issue than $5,000,000. Even if Defendant's estimates are somewhat inflated, they are not so inflated as to reduce Defendant's $25,000,000 plus estimate to under $5,000,000. Even if a much lower violation rate than 100% is assumed, the $5,000,000 threshold is reached.

    The motion to dismiss is GRANTED to the degree that Plaintiffs seek to recover penalties. Penalty claims are barred by the one-year statute of limitations. Cal. Civ.

---

[1] The Court deems these matters appropriate for decision without oral argument. <u>See</u> Fed. R. Civ. P. 78; Local Rule 7-15. The hearings set for May 23, 2016 are removed from the Court's calendar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Proc. Code § 340(a). Plaintiffs cannot avoid the § 340(a) statute of limitations by incorporating the claiims into a § 17200 claim - if for no other reason, because § 17200 allows only for restitution and injunctive relief. Plaintiffs claim that they seek actual damages in their seventh cause of action under California Labor Code § 226(a) for itemized wage statement violations.[2] Nothing in the complaint suggests that they suffered any actual damage from having a noncompliant wage statement. Otherwise, the complaint, while fairly barebones, is sufficient to allow Defendant to respond and is not so conclusory as to require dismissal. Plaintiffs are granted leave to amend the § 226(a) claim to allege actual damages no later than June 3, 2016. No parties or other claims may be added or altered without further leave of court.

     IT IS SO ORDERED.

---

[2] Plaintiffs also claim that they seek actual damages in addition to penalties under their sixth and eighth causes of action. Defendant fails to respond to this assertion in its reply, so the Court will not dismiss those claims to the extent that they seek actual damages. Plaintiff failed to oppose dismissal of the California Labor Code § 1197.1 penalty claim so that claim is dismissed.