JS 6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MONCADA, individually, and on behalf of other members of the general public similarly situated, etc., <br><br> Plaintiffs, <br><br> vs. <br><br> ULINE, INC., an unknown business entity; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. CV 16-664 DSF (KKx) <br><br> **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT** |

| | |
|---|---|
| 1 | On July 13, 2017, the Court entered an order granting Plaintiffs' Motion for |
| 2 | Preliminary Approval of Class Action Settlement, preliminarily approving the |
| 3 | settlement of this action in accordance with the First Amended Joint Stipulation of |
| 4 | Class Action and PAGA Settlement and Release (Settlement, Agreement, or |
| 5 | Settlement Agreement), which, together with the attached exhibits, set forth the |
| 6 | terms and conditions for settlement. The Court also approved the allocation toward |
| 7 | penalties under the California Private Attorneys General Act of 2004, California |
| 8 | Labor Code section 2698, *et seq.* (PAGA Settlement Amount) and the separate |
| 9 | payment toward PAGA penalties (Separate PAGA Amount) for Putative Class |
| 10 | Members who submitted timely and valid Requests for Exclusion from the |
| 11 | Settlement (Excluded Individuals). |
| 12 | On December 11, 2017, Plaintiffs' Motion for Final Approval of Class |
| 13 | Action Settlement came on for hearing. Having duly considered the parties' papers |
| 14 | and oral argument, and good cause appearing, |
| 15 | **THE COURT ORDERS, ADJUDGES, AND DECREES:** |
| 16 | 1. All terms used in this Order Granting Final Approval of Class Action |
| 17 | Settlement and Judgment (Order) shall have the same meaning as defined in the |
| 18 | Settlement Agreement. |
| 19 | 2. This Court has jurisdiction over the claims of the Putative Class |
| 20 | Members asserted in this proceeding and over all parties to this action. |
| 21 | 3. With respect to the Settlement Class and for purposes of approving |
| 22 | this Settlement only, this Court finds that: (a) the members of the Settlement Class |
| 23 | are ascertainable and so numerous that joinder of all members is impracticable; (b) |
| 24 | there are questions of law or fact common to the Settlement Class, and there is a |
| 25 | well-defined community of interest among members of the Settlement Class with |
| 26 | respect to the subject matter of this action; (c) the claims of Plaintiffs Juan |
| 27 | Moncada and Yaima Montes de Oca are typical of the claims of the members of |
| 28 | the Settlement Class; (d) a class action is superior to other available methods for |

an efficient adjudication of this controversy; and (e) counsel of record for Plaintiffs, Lawyers *for* Justice, PC and Girardi & Keese, are qualified to serve as counsel for the Settlement Class. The Settlement Class, with respect to the Released Claims that do not arise under the Private Attorneys General Act (PAGA) only, is defined as:

> All individuals who have been employed by Defendant in the State of California as non-exempt employees at any time during the period from March 3, 2012 to January 3, 2017.

4. The Notice of Proposed Class Action Settlement provided to the Putative Class Members fully and accurately informed the Putative Class Members of all material elements of the Settlement and of their opportunity to object, dispute, or seek exclusion from the Settlement; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Putative Class Members; and complied fully with applicable law. The Notice fairly and adequately described the Settlement and provided Putative Class Members adequate instructions and a variety of means to obtain additional information.

5. The Court confirms Lawyers *for* Justice, PC and Girardi & Keese as counsel for the Class, and Plaintiffs Juan Moncada and Yaima Montes de Oca as representatives of the Class.

6. The Court grants final approval to the Settlement and finds it fair, reasonable, and adequate, and in the best interest of the Settlement Class as a whole. More specifically, the Court finds that the Settlement was reached following meaningful discovery and investigation conducted by Class Counsel and that the Settlement is the result of serious, informed, adversarial, and arms-length negotiations between the parties. In so finding, the Court has considered all of the evidence presented, including evidence regarding the strength of the Plaintiffs' case; the risk, expense, and complexity of the claims presented; the

likely duration of further litigation; the amount offered in the Settlement; the extent of investigation and discovery completed; and the experience and views of Class Counsel. Further, the Court has considered the absence of any objections to the Settlement by Putative Class Members, as well as the small number of Putative Class Members who opted out from the Settlement. Accordingly, the Court directs that the Settlement be effected in accordance with the Settlement Agreement and the terms and conditions set forth in this Order, subject to its concurrently filed Order on Motion for Final Approval of Attorneys' Fees, Costs, and Class Representative Enhancement Payments (Fees Order).

7. A full opportunity has been afforded to the Putative Class Members to participate in this hearing. Putative Class Members also have had a full and fair opportunity to exclude themselves from the Settlement and Settlement Class. Accordingly, the Court determines that all Putative Class Members who did not timely and properly submit a Request for Exclusion are bound by this Order.

8. The Court determines that the four Putative Class Members, Kristopher Ordonez, Anaid Calixto, Amanda Reynosa, and Stuart Holmes, having timely submitted valid Requests for Exclusion to the Settlement Administrator, are Excluded Individuals and shall not be bound by the Order and the release of Released Claims, except with respect to the release of Released Claims arising under PAGA.

9. It is ordered that Defendant shall pay the Separate PAGA Amount of $382.59, and shall distribute the Separate PAGA Payment as follows: the amount of $286.94 to the California Labor and Workforce Development Agency (LWDA), and the amount of $95.65 to the Excluded Individuals on a *pro rata* basis according the terms of the Settlement Agreement.

10. It is ordered that the Settlement Administrator, CPT Group, Inc., issue payment to itself in the amount of $18,000 for the Settlement Administration Costs, in accordance with the Settlement Agreement.

11. It is ordered that CPT issue the Settlement Payment Checks to Class Members according to the methodology and terms set forth in the Settlement Agreement.

12. Settlement Payment Checks and checks issued to Excluded Individuals for the *pro rata* share of Excluded Individuals' PAGA Portion will be negotiable for 120 calendar days after issuance. After the expiration of the 120-day period, the funds associated with any such checks that are returned as undeliverable or that remain uncashed shall be forwarded to the State of California's Unclaimed Property Division.

13. The Settlement Administrator shall distribute the PAGA Settlement Amount as follows: the amount of $75,000 shall be distributed to the LWDA, and the amount of $25,000 shall remain in the Net Settlement Amount, to be paid to the Class Members on a *pro rata* basis, according to the terms of the Settlement Agreement.

14. The Gross Settlement Amount shall be disbursed in accordance with the terms of the Settlement Agreement and this Court's Orders.

15. With this final approval of the Settlement, the Court enters judgment by which Class Members shall conclusively be deemed to have given a release, and shall be permanently enjoined and forever barred from asserting any Released Claims against the Released Parties as set forth in the Settlement Agreement and in the Notice.

16. The Court shall retain jurisdiction to construe, interpret, implement, and enforce the Settlement Agreement, to hear and resolve any contested challenge to a claim for settlement benefits, and to supervise and adjudicate any dispute arising from or in connection with the distribution of settlement benefits.

17. Notice of entry of this Order will be given to Putative Class Members by posting a copy of the Order on CPT's website for a period of at least 60

calendar days after the date of entry of this Order.  The time for appeal will run from the Court's entry of this Order.

**IT IS SO ORDERED.**

DATED:  January 10, 2018

*Dale S. Fischer*
_____
Dale S. Fischer
United States District Judge